

FILED
10/28/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DARRON LASHAWN COLLIER, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:20-cv-02962 (UNA) |
| STATE OF WASHINGTON, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's *pro se* initiating pleading and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant petitioner's application for leave to proceed IFP and direct him to file an amended complaint that meets the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Petitioner, who is currently in the custody of the Texas Department of Criminal Justice, has filed an ambiguous initiating pleading. *See generally* Petition, Dkt. 1. He sues the State of Washington, *see id.* at 2, 5; however, the intended causes of action against it are unclear, as is the relief sought. The pleading appears to be a habeas corpus petition but also cites to 42 U.S.C. § 1983. *See id.* at 1–2. The remainder of the pleading recites concepts pertaining to habeas corpus, the United States Constitution, and the Bill of Rights. *See id.* at 3. The petitioner also seemingly requests that this court render an unknown judgment "void," pursuant to the Washington State Constitution, though no other details are provided. *See id.* Last, the pleading includes a self-titled "transfer order," but it is unknown what matter, if any, petitioner is attempting to transfer. *See id.* at 2.

Rule 8(a) of the Federal Rules of Civil Procedure requires an initiating pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare an adequate response and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments[,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant pleading meets this standard. "When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint . . . and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Jiggetts*, 319 F.R.D. at 413–14. Thus, the plaintiff will be directed to file an amended complaint that complies with Rule 8 within 30 days of the entry of this order.

The court notes that petitioner has recently filed another matter in this District, against different defendants, seeking habeas relief pursuant to 28 U.S.C. § 2241. *See Collier v. Burnes, et al.*, 20-cv-02701 (CJN) (D.D.C. filed Sept. 17, 2020). To the extent that petitioner seeks relief relating to that petition, he must specifically file *in that matter*.

A separate order accompanies this memorandum opinion.

Date:  October 28, 2020

_____
DABNEY L. FRIEDRICH
United States District Judge