

FILED
12/8/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRON LASHAWN COLLIER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-02962 (UNA) |
| ) | |
| STATE OF WASHINGTON, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner, who is currently in the custody of the Texas Department of Criminal Justice, initiated this matter on September 26, 2020, by filing what appeared to be, predominantly, a habeas corpus petition. Petitioner initially sued the State of Washington, but the intended causes of action against the respondents were unclear, as was the relief sought. Adding to the confusion, petitioner recently filed another matter in this District, against different respondents, seeking habeas relief pursuant to 28 U.S.C. § 2241. *See Collier v. Burnes, et al*., 20-cv-02701 (CJN) (D.D.C. filed Sept. 17, 2020).

Noting these various deficiencies, the court issued a memorandum opinion and order on October 28, 2020, allowing petitioner an opportunity to file an amended pleading, in accordance the Federal and Local Rules of Civil Procedure, succinctly identifying the claims that he intends to bring, against whom, and in what capacity, and providing full addresses for each and every intended respondent.

Petitioner has now filed a timely amended petition. Yet, this pleading is even less comprehensible than the original. The petition pivots from habeas corpus relief and claims

pursuant to 42 U.S.C. § 1983, to cover new subject areas, including, but not limited to: the CARES Act, the Federal Tort Claims Act, the Administrative Procedures Act, and the Little Tucker Act. Petitioner now sues not only the State of Washington, but also the President of the United States, and several wardens associated with his current facility.  The ability of this court to exercise personal jurisdiction over the latter set of additional respondents is entirely unclear from the face of the pleading.  See Fed. R. Civ. P. 12(b)(2); *International Shoe Co. v Washington*, 326 U.S. 310 (1945).  The petition seeks both equitable relief and monetary damages.

While petitioner recites various federal legal authority, the actual claims and alleged wrongful actions attributed to these respondents are unclear, as the complaint consists of mostly rambling and disconnected statements.  Again, petitioner has failed to comply with Fed. R. Civ. P. 8(a), requiring an initiating pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that parties and the court receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate response and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  The amended pleading meets this standard.

Furthermore, to the extent that petitioner now filed a civil complaint, and not a petition for habeas corpus, he has failed to submit a trust accounting pursuant to 28 U.S.C. § 1915(a)(2) with his application for leave to proceed *in forma pauperis*, or alternatively, the applicable filing fee for civil actions.

For these reasons, the case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: December 8, 2020

*Christopher R. Cooper*
CHRISTOPHER R. COOPER
United States District Judge